IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIEDRA HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 13-CV-1334-CB |
| | ) |
| WEST PENN ALLEGHENY HEALTH SYSTEM, | ) Judge Cathy Bissoon |
| | ) |
| Defendant. | ) |
| | ) |

**Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES**

Plaintiff, Diedra Hawkins, and Defendant West Penn Allegheny Health System, by and through their respective undersigned counsel submit this Federal Rule of Civil Procedure 26(f) Report of the Parties:

1.  **Identification of counsel and unrepresented parties.**

    Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each counsel, identifying whom such counsel represents:

| | |
|---|---|
| **Plaintiff:  Diedra Hawkins** | **Defendant: West Penn Allegheny Health System** |
| Vincent J. Mersich (PA I.D. 310971) | April Dugan, Esq. (PA I.D. No. 206854) |
| Law Office of Vincent J. Mersich, LLC | W. Scott Hardy, Esq. PA ID No. 79225 |
| 400 Market Street | One PPG Place, Suite 1900 |
| Elizabeth, PA  15037 | Pittsburgh, PA 15222 |
| 412/384-8803 {telephone} | 412.394.3333 |
| 412/384-8805 {facsimile} | 412.232.1799 (fax) |
| vincent.mersichd@mersichlaw.com | scott.hardy@ogletreedeakins.com |
| | april.dugan@ogletreedeakins.com |

Edward J. Feinstein (PA I.D. No. 27918)
Sarah Martin (PA I.D. 316419)
Feinstein Doyle Payne & Kravec, LLC
429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, PA 15219
Tel:  (412) 281-8400
Fax:  (412) 281-1007
efeinstein@fdpklaw.com
smartin@fdpklaw.com

2. **Set for the general nature of the case** (patent, civil rights, anti-trust, class action, etc.):

    This case arises from allegations of employment discrimination, harassment and retaliation on the basis of race, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, the Civil Rights Act of 1866 ("§ 1981), and the Pennsylvania Human Relations Act ("PHRA").

3. **Date Rule 26(f) Conference was held, the identification of those participating therein, and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

    The Rule 26(f) Conference was held on Friday, January 24, 2014. Vincent J. Mersich and Sarah Martin participated on behalf of Plaintiff, and Scott Hardy participated on behalf of Defendant.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

    February 10, 2014 at 2:45 p.m.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any anticipated motion may be filed:**

    Plaintiff has not filed and does not anticipate filing a motion pursuant to Rule 12. Defendant filed a motion pursuant to Rule 12 to dismiss Count IV of Plaintiff's Complaint, but the parties resolved that motion through a stipulated dismissal without prejudice, which stipulation was approved by this Court.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

    The Parties have selected mediation as the process and have not agreed upon a timeframe for completion of the ADR process. The Parties will select a mediator, indicate the identity of that mediator on their ADR Stipulation, and schedule the mediation as soon as feasible and in accordance with the Court's case management order.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ P. Rule 26(a) disclosures, whether such change is**

**opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

The parties do not currently propose any changes to the timing, form, or requirements of Rule 26(a).

8. **Subjects on which fact discovery may be needed.**

Subjects on which fact discovery are needed include, but are not limited to: all facts and circumstances set forth in the Complaint and Answer thereto, and all facts and circumstances Plaintiff's employment with Defendant.

9. **Set forth suggested dates for the following:**

   a. **Date(s) on which disclosures required by Fed. R. Civ. P 26(a) have been or will be made:**

   February 24, 2014

   b. **Date by which any additional parties shall be joined:**

   May 15, 2014

   c. **Date by which the pleadings shall be amended:**

   May 15, 2014

   d. **Date by which fact discovery should be completed:**

   August 25, 2014

   e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

   Not applicable.

   f. **Date by which plaintiff's expert reports should be filed:**

   October 24, 2014.

   g. **Date by which depositions of plaintiff's expert(s) should be completed:**

   November 24, 2014.

    **h.**    **Date by which Defendants' expert reports should be filed:**

November 24, 2014.

    **i.**    **Date by which depositions of Defendants' expert(s) should be completed:**

December 24, 2014.

**10.** **If the parties agree that changes should be made to the limitations on discovery imposed or Local by the Federal Rules of Civil Procedure or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

None.

**11.** **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration. In particular, answer the following questions:**

    **a.**    <u>**ESI**</u>.  **Is either party seeking the discovery of ESI in this case?**

Yes. While extensive ESI discovery is not anticipated, the parties anticipate seeking discovery of relevant email and other relevant electronic correspondence.

    **b.**    <u>**Metadata**</u>:  **Will any metadata be relevant in this case?**

Yes, but parties seek the preservation of metadata only for purposes of disputes regarding authorship, authenticity or creation date.

    **c.**    <u>**Format**</u>:  **Have the parties agreed on the format(s) for production of ESI?**

The parties will produce either in hard-copy or static electronic (TIF or PDF) format, but will meet and confer regarding the method and format of production.

    **d.**    <u>**Clawback Agreement**</u>.  **Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1D?**

Yes.

    e.    **Search Terms.  Have the parties agreed on any protocol for review of electronic data?**

        The parties have not yet agreed upon a specific protocol, but anticipate no disputes.  In the event of a dispute, the parties will confer prior to seeking the Court's assistance.

    f.    **Accessibility.  Have the parties agreed on what ESI is "reasonably accessible" as defined in Fed. R. Civ. P. 26(b)(2)(B)?**

        The parties have not yet agreed upon a specific protocol, but anticipate no disputes.  In the event of a dispute, the parties will confer prior to seeking the Court's assistance.

    g.    **Preservation.  Are there any unresolved issues pertaining to the preservation of ESI?**

        None at this time.

    h.    **Other.  Identify all outstanding issues or disputes concerning ESI.**

        None at this time.

12.  **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact-Discovery or Expert Discovery.**

The Parties have elected to schedule the Post-Discovery Status Conference following the completion of fact discovery.

13.  **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed R. Civ. P 16(b) or 26(c):**

None.

14.  **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

The Parties do not anticipate that the Court will have to appoint a Special Master.

15.  **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9,**

**above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

Not applicable.

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration.**

   The Parties have considered settlement, but the Parties do not reasonably anticipate that settlement is likely at this early stage of the proceedings.

Respectfully submitted,

/s/ Vincent J. Mersich
Vincent J. Mersich (PA I.D. No. 310971)
Law Office of Vincent J. Mersich, LLC
400 Market Street
Elizabeth, PA 15037
412.384.8803 / 724.493.5201
412.384.8805 (fax)
vincent.mersich@outlook.com

Edward J. Feinstein (PA I.D. No. 27918)
Sarah Martin (PA I.D. 316419)
Feinstein Doyle Payne & Kravec, LLC
429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, PA 15219
(412) 281-8400
(412) 281-1007 (fax)
efeinstein@fdpklaw.com
smartin@fdpklaw.com

*Attorneys for Plaintiff*

February 7, 2014

/s/ W. Scott Hardy
W. Scott Hardy, Esq. (PA ID No. 79225)
April Dugan, Esq. (PA I.D. No. 206854)
One PPG Place, Suite 1900
Pittsburgh, PA 15222
412.394.3333
412.232.1799 (fax)
scott.hardy@ogletreedeakins.com
april.dugan@ogletreedeakins.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES was filed electronically on the 7th day of February, 2014. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Vincent J. Mersich PA I.D. No. 310971
Law Office of Vincent J. Mersich, LLC
400 Market Street
Elizabeth, PA 15037
vincent.mersich@outlook.com

Edward J. Feinstein (PA I.D. No. 27918)
Sarah Martin (PA I.D. 316419)
Feinstein Doyle Payne & Kravec, LLC
429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, PA 15219
efeinstein@fdpklaw.com
smartin@fdpklaw.com

Counsel for Plaintiff

/s/ W. Scott Hardy

17069165.1