IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIEDRA HAWKINS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 13-1334 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| WEST PENN ALLEGHENY HEALTH ) | |
| SYSTEM ) | |
| Defendant. ) | |

## CASE MANAGEMENT ORDER

IT IS ORDERED that compliance with the provisions of Local Rule 16.1.B shall occur as follows:

1. The parties shall exchange initial disclosures required by Rule 26(a)(1) on or before **February 24, 2014**.

2. The parties shall file any motion to add new parties on or before **May 15, 2014**.

3. The parties shall file any motion to amend the pleadings on or before **May 15, 2014**.

4. The parties have elected mediation as their preferred form of Alternative Dispute Resolution. A mediation before Carole Katz, Esq. will take place on or before **April 11, 2014**.

5. The parties shall complete all fact discovery on or before **August 25, 2014**. All interrogatories, notices of deposition, requests for admission and requests for production **shall be served within sufficient time to allow responses to be completed and served prior to the close of discovery and within sufficient time to allow the completion of depositions prior to the close of discovery**.

6.	Additionally, the discovery deadline will be extended only by leave of court for good cause shown, and upon motion filed prior to the date on which discovery closes. The motion shall state the reason(s) for the requested extension and shall enumerate with specificity any previous extensions of discovery.  The filing of a motion to dismiss or other dispositive motion generally will not stay discovery.  Likewise, participation in an ADR process will not stay discovery.

7.	Counsel for the parties must confer on discovery disputes, consistent with the Court's Local Rules, prior to seeking the Court's intervention.  If counsel for the parties cannot resolve the dispute, the parties must contact the Court to set up a conference in an effort to resolve the matter, rather than filing a formal discovery motion.  For discovery disputes that arise during a deposition, the attorneys together may contact the Court to resolve the matter.

Any dispute not resolved shall be presented by motion in accordance with the Court's Practices and Procedures (see web page at http://www.pawd.uscourts.gov/Documents/Judge/bissoon_pp.pdf).  For discovery motions (or any other type of motion), **no briefing schedule will issue**.  Discovery motions shall include copies of only those pertinent portions of depositions, interrogatories, requests for admission and responses, *et cetera*, that are relevant to disposition of the motion.

8.	The provisions of Local Rule 16.1.D, regarding procedures governing the inadvertent disclosure of privileged or trial preparation material, are hereby incorporated into this Order, as if fully restated herein.

9.	A separate order addressing the timing and procedures for dispositive motions will issue after the close of discovery.

10.     **A Post-Discovery Status Conference is scheduled for September 10, 2014 at 10:00 am**. Prior to that conference, the parties shall meet and confer regarding settlement of the case. **In cases in which a party has demanded a JURY trial, counsel for every party shall submit a position letter to this Court at least three (3) business days prior to the Post-Discovery Status Conference.** The position letter shall set forth the following: (a) A brief recitation of the facts; (b) A discussion of your party's strengths and weaknesses; and (c) Your party's settlement posture. To ensure candor, the position letters are not to be filed nor shared with opposing counsel, but rather faxed directly to this Court's Chambers at (412) 208-7467. All position letters will be kept **confidential**.

**In all JURY cases, counsel and their clients, or persons with full settlement authority (including insurance companies), MUST BE PRESENT at the Post-Discovery Status Conference**. A person with full settlement authority is not someone who is required to consult with other individuals, by telephone or otherwise, to obtain approval for any proposed settlement term or amount. **Absent Court approval in advance of the Conference, for good cause shown, the Court will not entertain telephone participation in settlement negotiations. Any party who fails to secure the attendance of person(s) with full settlement authority, may be summarily assessed the costs and attorney's fees of those parties who have secured such attendance, and the Court, it its discretion, may reschedule the Conference to a date and/or time at which a person or persons with full settlement authority will attend.**

**In NONJURY cases, the parties should not provide position statements and need not bring clients or persons with settlement authority to the Post-Discovery Status Conference, unless otherwise instructed by the Court.**

February 11, 2014                              s\Cathy Bissoon
                                                            Cathy Bissoon
                                                            United States District Judge

cc (via ECF email notification):

All Counsel of Record