## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIEDRA HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:13-cv-01334-CB |
| | ) | |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| WEST PENN ALLEGHENY | ) | |
| HEALTH SYSTEM, | ) | |
| | ) | *Electronically Filed* |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO DISMISS

Defendant West Penn Allegheny Health System ("WPAHS") respectfully moves the Court to strike Plaintiff's Second Amended Complaint because: (A) it was filed out of time, without WPAHS' consent, and without leave of Court; (B) Plaintiff cannot demonstrate "good cause" for failing to comply with the Court's scheduling order; and (C) the amendments are futile.[1]

In the alternative, WPAHS respectfully moves the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count IV of the Second Amended Complaint (Americans with Disabilities Act (ADA)/Rehabilitation Act (Rehab Act)) because the ADA claim is time barred and Plaintiff fails to state a Rehab Act claim.

---

[1] Once the improper Second Amended Complaint is stricken, WPAHS urges the Court to grant Defendant's Motion to Dismiss Count IV of the Amended Complaint, pending at Dkt. 21, for the reasons set forth in Defendant's accompanying brief, Dkt. 22.

## BACKGROUND

The following facts are set forth in Plaintiff's Amended Complaint (Dkt. 20)[2] and, for purposes of this Motion only, are assumed to be true.  Plaintiff Diedra Hawkins ("Plaintiff") worked in the Environmental Services Department at West Penn Hospital ("West Penn") for several years.  Dkt. 20, ¶¶ 6-8.  In or around October 2010, Plaintiff transferred to the Environmental Services Department at Allegheny General Hospital ("AGH").  Dkt. 20, ¶¶ 10-11.  Plaintiff alleges that her supervisor at AGH, Patrick Cassese, subjected her to unlawful harassment because of her race.  Dkt. 20, ¶¶ 12-15.  Plaintiff further alleges that she complained about Cassese's behavior, after which the harassment worsened.  Dkt. 20, ¶¶ 23-27, 30-32.

Plaintiff took a three-week leave of absence beginning on or about March 6, 2012.  Dkt. 20, ¶ 36.  While on leave, Plaintiff contacted the Equal Employment Opportunity Commission ("EEOC"), and she completed the EEOC's intake questionnaire on March 13, 2012.  Dkt. 20, ¶¶ 37-38.  The referenced EEOC intake questionnaire is attached to Defendant's Motion as Exhibit A.  In it, Plaintiff states that "No," she does not have a disability.  Ex. A, p. 1.  She states that the only reason for her claim of employment discrimination is her "Race."  Ex. A, p. 2.  Plaintiff did not check the box for discrimination based on disability, nor did she identify any "Other reason (basis) for discrimination."  *Id.*  When asked "What happened to you that you believe was discriminatory," Plaintiff identified two specific occurrences of alleged "racist comments and intimidation," and she attached a letter identifying a third alleged incident of harassment.  Ex. A, pp. 2 and 5-6 (attached letter).  Numbers 9-12 of the questionnaire are to be completed "if you are claiming discrimination based on disability."  Ex. A, p. 3.  Plaintiff did

---

[2]   As discussed below, Plaintiff's Second Amended Complaint, Dkt. 23, is not appropriately before the Court.  Accordingly, WPAHS here refers to Plaintiff's First Amended Complaint.  Dkt. 20.  Pertinent differences between Plaintiff's First and Second Amended Complaint are addressed in part I(C), *infra*.

not answer these questions; in fact, she drew a line through the entire section to indicate that it did not apply to her claim.  *Id.*

Plaintiff filed a charge against WPAHS on or about April 19, 2012 (Charge No. 846-2012-3612, hereinafter "First Charge") with the EEOC and the Pennsylvania Human Relations Commission ("PHRC").  Dkt. 20, ¶ 40.  The referenced First Charge is attached to Defendant's Motion as Exhibit B.  Consistent with her intake questionnaire, Plaintiff's First Charge alleges only harassment based on race.  Ex. B.  Plaintiff did not check the box for discrimination on the basis of "disability" or any other basis; nor does the narrative statement in her First Charge raise any allegation that Plaintiff is disabled, requires accommodation, requested accommodation, or was denied accommodation.  Ex. B.  Rather, the basis of Plaintiff's First Charge is summarized as follows:  "I believe I was discriminated against because of my race, black, in violation of Title VII . . . in that I have been subjected to harassment and a racially hostile work environment."  *Id.*

After 180 days passed, the EEOC issued Plaintiff a Notice of Right to Sue based on her First Charge.  Dkt. 20, ¶ 49.  The referenced Notice, dated June 13, 2013, is attached to Defendant's Motion as Exhibit C.

Plaintiff filed her Original Complaint in this matter on September 11, 2013.  Dkt. 1.  In her Original Complaint, Plaintiff alleged for the first time that she suffers from a disability and that, in July 2012, her therapist asked WPAHS to accommodate Plaintiff's disability by transferring her to another hospital.  Plaintiff claims that WPAHS' failure to provide the requested accommodation violated her rights under the ADA.  Dkt. 20, ¶¶ 39, 43-46 and Count IV.

On November 22, 2013, WPAHS moved for dismissal of Plaintiff's ADA claim because she failed to exhaust administrative remedies. Dkt. 6. In response, Plaintiff stipulated to dismissal of the claim, without prejudice (Dkt. 9), and proceeded to file her second EEOC charge against WPAHS (Charge No. 533-2014-00306), this time alleging a violation of the ADA ("ADA Charge"). WPAHS received notice of Plaintiff's ADA Charge dated December 20, 2013 ("Notice"). The Notice, attached to Defendant's Motion as Exhibit D, contained no details of Plaintiff's allegations and stated that no action was required of WPAHS at that time.[3] Ex. D.

The Court held an Initial Case Management Conference (Dkt. 16), and on February 11, 2014, the Court issued a Case Management Order directing that any motion to amend the pleadings must be filed on or before May 15, 2014. Dkt. 17. On April 29, 2014, Plaintiff filed a Motion for Leave to Amend the Complaint. Dkt. 19. The Court granted leave and Plaintiff filed her First Amended Complaint the same day, re-asserting her ADA accommodation claim. Dkt. 20, Count IV.

On May 13, 2014, WPAHS again moved for dismissal of Plaintiff's ADA claim. Dkt. Nos. 21 and 22. In its Motion to Dismiss, WPAHS established that: (1) Plaintiff's ADA claim is time barred because she failed to file her ADA Charge in a timely manner, and (2) the continuing violation doctrine does not apply.

Plaintiff did not respond to the Motion. Instead, without seeking consent from WPAHS, without leave of Court, and without good cause, Plaintiff filed a Second Amended Complaint on May 30, 2014. Dkt. 23.

---

[3]     As of the date of this filing, WPAHS has received no other correspondence from the EEOC relating to Plaintiff's ADA Charge. Plaintiff alleges that she received a "second Notice of Right to Sue" from the EEOC (Dkt. 20, ¶ 50), but she does not state when she received the second Right to Sue, nor does she provide a copy. Plaintiff's counsel has stated that she received the second notice on or about February 28, 2014. Dkt. 19, ¶ 7.

In an attempt to circumvent the limitations period on her ADA claim by giving the appearance of a "continuing violation," Plaintiff's Second Amended Complaint elaborates on Plaintiff's "continuing" attempt to engage WPAHS in an interactive process.  Dkt. 23, ¶¶ 48-55. Also, Plaintiff has added a cause of action under Section 504 of the Rehab Act based on the very same facts that Plaintiff alleged in her Original Complaint on September 11, 2013.  Dkt. 23, Count IV.

## I.      ARGUMENT IN SUPPORT OF MOTION TO STRIKE

Plaintiff's Second Amended Complaint should be stricken from the record because: (A) it was filed out of time, without WPAHS' consent, and without leave of Court; (B) Plaintiff cannot demonstrate "good cause" for failing to comply with the Court's scheduling order; and (C) the amendments are futile.

### A.      Plaintiff's Second Amended Complaint Violates the Court's Order and Federal Rules of Civil Procedure

Plaintiff's Second Amended Complaint is not properly before the Court because Plaintiff failed to comply with the Court's Case Management Order and Federal Rules of Civil Procedure 15(a) and 16(b)(4).

Federal Rule of Civil Procedure 15(a) governs pre-trial pleading amendments.  It provides:

(1)   **Amending as a Matter of Course**.  A party may amend its pleading once as a matter of course . . . .

(2)   **Other Amendments**.  In all other cases, a party may amend its pleading **only with the opposing party's written consent or the court's leave**.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a) (emphasis added).

Additionally, Federal Rule of Civil Procedure 16(b) regarding scheduling and case management provides:

> (4)   **Modifying a Schedule**.  A schedule may be modified only
> for good cause and with the judge's consent.

Fed. R. Civ. P. 16(b)(4).

Accordingly, once a party has amended its pleading as a matter of course pursuant to Rule 15(a), it may amend the pleading further only with the other party's written consent or leave of court.  Additionally, once the court has established a deadline for moving to amend the pleadings, under Rule 16(b) a party must demonstrate "good cause" for its failure to comply with the deadline before the trial court can consider the party's Rule 15(a) motion to amend. *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007) (citing to seven Circuit courts in applying the "good cause" standard to a motion for leave to amend the pleadings after the scheduling order deadline had passed).  *See also Price v. Trans Union, LLC*, 737 F. Supp. 2d. 276, 279 (E.D. Pa. 2010) ("where a party seeks to amend its pleadings after a deadline set by court order, the decision whether to allow the amendment is controlled by Rule 16(b)"); *Componentone, L.L.C. v. Componentart, Inc.*, 2007 WL 2580635, at *2 (W.D. Pa. Aug. 16, 2007) (same).

Here, Plaintiff already amended her complaint once as a matter of course.  *See* Dkt. 20. Additionally, the Court's February 11, 2014 Case Management Order directed that any motion to further amend the pleadings must be filed on or before May 15, 2014.  Dkt. 17.  Plaintiff filed her Second Amended Complaint (Dkt. 23) on May 30, 2014 without seeking WPAHS' written consent, without seeking leave of Court, and without even attempting to articulate good cause for

failing to comply with the Court's deadline.  It is well settled that the Federal Rules of Civil Procedure do not permit Plaintiff to amend her pleading under these circumstances without leave of court.  *See Hellauer v. Nafco Holding Co., LLC*, 1998 WL 472453 (E.D. Pa. Jul. 28, 1998) (amendment filed without leave of court violates Federal Rules of Civil Procedure) (*citing Oy Tilgmann, AB v. Sport Publishing Int'l, Inc.*, 110 F.R.D. 68, 70 (E.D. Pa. 1986)).

For these reasons, Plaintiff's Second Amended Complaint should be stricken.

**B.      Plaintiff Cannot Demonstrate Good Cause For Failing to Comply with the Court's Order and the Federal Rules of Civil Procedure**

Even if Plaintiff had sought leave of Court, as required, before further amending her Complaint, any such request should have been denied because Plaintiff cannot demonstrate "good cause" for failing to comply with the Court's Case Management Order.  *See, e.g.*, *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112 (W.D. Pa. 2010) (the party seeking to modify the scheduling order has the burden to demonstrate "good cause").

"Good cause" under Rule 16(b) focuses on the diligence of the party seeking the amendment.  *Componentone, L.L.C.*, 2007 WL 2580635, at *2.  *See also* Fed. R. Civ. P. 16, Advisory Committee Note (1983) ("the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").  If the moving party is not diligent, then there is no good cause to amend the Case Management Order.  *Ferencz v. Medlock*, 2013 WL 6230626, at *3 (W.D. Pa. Dec. 2, 2013). "Where . . . the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, ***the party is presumptively not diligent***."   *Price*, 737 F. Supp. 2d at 280 (emphasis added).

7

Plaintiff filed her Original Complaint on September 11, 2013. Dkt. 1. WPAHS highlighted procedural deficiencies of Plaintiff's ADA accommodation claim in Defendant's first Motion to Dismiss on November 22, 2013. Dkt. 21. Now, ***seven months later***, Plaintiff is still modifying her claims relating to the alleged failure to accommodate her disability. A comparison of the averments in Plaintiff's Original Complaint (Dkt. 1) with her Amended Complaint (Dkt. 20) and Second Amended Complaint (Dkt. 23) makes clear that the Rehab Act claim Plaintiff now submits is based on the same information that was in her possession since the beginning of this litigation in September 2013. Plaintiff cannot - and has made no effort to - explain why she failed to include this new theory in her Original Complaint or prior amendment. There was ***no*** cause, much less good cause, for Plaintiff to assert this cause of action only after the Court's deadline for amending the pleadings had passed.

Under these circumstances, courts in the Third Circuit routinely deny requests for leave to amend. *See, e.g.*, *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330 (3d Cir. 2000) (affirming denial of leave to amend in the face of unexplained delay where moving party failed to specify why the additional claims could not have been pled earlier); *Ferencz*, 2013 WL 6230626 (denying leave where Plaintiff failed to explain why she waited to amend the complaint); *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112 (W.D. Pa. 2010) (denying leave to amend where additional claims relied on facts that were in Plaintiffs' possession since the outset of the litigation); *Componentone, L.L.C.*, 2007 WL 2580635 (same); *Perlman v. Universal Restoration Systems, Inc.*, 2013 WL 5278211 (E.D. Pa. Sept. 19, 2013) (denying leave to further amend where Plaintiff could have included the new theory in prior amendment); *Robinson v. Cuyler*, 511 F. Supp. 161 (E.D. Pa. 1981) (delay inexcusable where amendment was not based on newly discovered information or any recent event).

Additionally, the Court should disallow the amendment because WPAHS has been unfairly prejudiced. Due to Plaintiff's failure to exhaust administrative remedies and properly plead her claims, WPAHS has been put to the effort and expense of briefing the defects in Plaintiff's accommodation claim three times.[4] *See CMR D.N. Corp.*, 703 F.3d 612, 629 (3d Cir. 2013) (unjustified or "undue" delay in seeking the amendment may itself constitute prejudice sufficient to justify denial of a motion for leave to amend).

Because Plaintiff has not and cannot demonstrate good cause for failing to adhere to the Court's scheduling order, Plaintiff's untimely Second Amended Complaint should be stricken.

### C.   Plaintiff's Proffered Amendments Are Futile

Even if Plaintiff had sought leave to amend, the request should have been denied because the proposed amendments are futile. The Third Circuit has held that "a trial court may properly deny leave to amend" on futility grounds "where the amendment would not withstand a motion to dismiss." *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983) (affirming denial of motion to amend). *See also Shah v. Harristown Development Corp.*, 2013 WL 6567764, *12 (M.D. Pa. Dec. 13, 2013) (denying leave to amend on futility grounds); *Naluan v. Purfield*, 2006 WL 3208771 (E.D. Pa. Nov. 2, 2006) (same).

Plaintiff's proposed amendments are futile because: (1) the expanded factual averments do not make her ADA claim timely; and (2) the Second Amended Complaint fails to state a claim under the Rehab Act.

---

[4]      Although Rule 16(f)(2) mandates the imposition of fees and costs under these circumstances, WPAHS does not request such relief here. Fed. R. Civ. P. 16(f)(2) ("the court must order the party . . . to pay the reasonable expenses-including attorney's fees-incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.")

### 1. *Plaintiff's Expanded Factual Averments Do Not Cure her Untimely ADA Claim*

As fully explained in WPAHS' May 13, 2014 Motion to Dismiss and Brief in Support (Dkt. Nos. 21 and 22), which are incorporated by reference as if stated in full here, Plaintiff's ADA accommodation claim is time barred. *See generally* Dkt. 22, pp. 4-8. Plaintiff's Second Amended Complaint does not alter this conclusion.

Plaintiff claims that in July 2012, her therapist "recommend[ed] that WPAHS accommodate Hawkins' disability by offering her a position at another hospital." Dkt. 23, ¶ 44. Plaintiff contends that WPAHS' refusal to comply with this request was unlawful. Plaintiff had 300 days (or until approximately June 2013) within which to pursue an ADA claim at the EEOC based on these allegations. *Williams v. East Orange Community Charter School*, 396 Fed. Appx. 895, 2010 WL 3933477, *1 (3d Cir. Oct. 8, 2010); 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme and remedies for ADA). Plaintiff, however, did not file her ADA Charge until December 2013. *See* Exs. A-D. Plaintiff's earliest attempt to pursue a disability discrimination claim, under the ADA or otherwise, was the filing of her Original Complaint in this matter on September 11, 2013. Even at that time, her ADA claim was untimely. It should be dismissed. *Zenkel v. Temple Univ.*, 2007 WL 2359751, at *1 (3d Cir. 2007) (affirming that time-barred ADA accommodation claim could not withstand 12(b)(6) motion).

To give the appearance of a "continuing violation," Plaintiff's Second Amended Complaint expands upon Plaintiff's "continuing" attempt to engage WPAHS in an interactive process. Dkt. 23, ¶¶ 44-55. However, repeated requests for the same accommodation do not establish a "continuing violation" so as to extend an otherwise expired limitations period. *Zdziech v. DaimlerChrysler Corp.*, 2004 WL 2203979 (3d Cir. 2004). *See also* Dkt. 22, pp. 6-8,

for a complete discussion of why the continuing violation doctrine does not apply to Plaintiff's ADA claim.

Thus, Plaintiff's amendments relating to her purported ADA claim should be rejected on futility grounds.  *Massarsky*, 706 F.2d at 125 (affirming denial of motion to amend); *Shah*, 2013 WL 6567764, *12 (denying leave to amend on futility grounds); *Naluan*, 2006 WL 3208771 (same).

### 2. *Plaintiff Fails to State a Claim Under the Rehab Act*

Plaintiff's Second Amended Complaint should be rejected as futile since it fails to state a failure-to-transfer claim under the Rehab Act.  This claim fails as a matter of law because: (a) Plaintiff does not allege that there was a vacant position for which she was qualified and applied; and (b) she asserts only an unsupported conclusory allegation that WPAHS is a recipient of federal financial assistance.

First, under Third Circuit law, in order to state a failure-to-transfer claim under Section 504 of the Rehab Act, Plaintiff must aver that she sought transfer to "vacant positions for which she is qualified."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 208, 211-12 (3d Cir. 2009) (plaintiff stated a plausible failure-to-transfer claim where the complaint alleged, *inter alia*, that there was an opening for which she applied).

Here, Plaintiff's Second Amended Complaint contains no such allegation.  Accordingly, Plaintiff's purported Rehab Act claim would not survive a motion to dismiss.  *Cf. Akin v. York County Prison*, 2010 WL 2342502, *5-6 (M.D. Pa. June 8, 2010) (granting 12(b)(6) motion to dismiss failure-to-transfer claim under ADA where Plaintiff failed to allege that a vacant position existed).

Second, to state a claim for relief against an employer under Section 504 of the Rehab Act, Plaintiff has to show, *inter alia*, that the relevant program or activity receives federal financial assistance.  *Wagner v. Fair Acres Geriatric Ctr.*, 49 F.3d 1002, 1009 (3d Cir. 1995); 29 U.S.C. § 794.  Therefore, Plaintiff must aver facts that support the conclusion that the employer is a "recipient" of "federal financial assistance."  In this regard, the Court need not accept as true "unsupported conclusions and unwarranted inferences" (*Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000)), or the Plaintiff's "bald assertions" or "legal conclusions" (*Morse v. Lower Merion Sch. Dist.*, 132 F.3d. 902, 906 (3d Cir. 1997)).

Here, the Second Amended Complaint contains only a bald assertion that WPAHS "received federal financial assistance . . . ."  Dkt. 23, ¶ 6.  This lone conclusory statement is insufficient to "raise a right to relief" under the Rehab Act "above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007);  *Ashcroft v. Iqbal*, 566 U.S. 662 (2009). For this reason, too, Plaintiff's Second Amended Complaint fails to state a claim for which relief could be granted under Section 504 of the Rehab Act.

In sum, Plaintiff's amendments related to the Rehab Act are futile and should be rejected. *Massarsky*, 706 F.2d at 125; *Shah*, 2013 WL 6567764, *12; *Naluan*, 2006 WL 3208771.

* * * *

For all of the foregoing reasons, the Court should strike Plaintiff's Second Amended Complaint and issue an order granting WPAHS' pending Motion to Dismiss the Amended Complaint (Dkt. 21).

## II.    <u>ARGUMENT IN SUPPORT OF MOTION TO DISMISS</u>

If the Court is not inclined to grant WPAHS' Motion to Strike, the Court should nevertheless dismiss Count IV of Plaintiff's Second Amended Complaint, with prejudice, for failure to state a claim upon which relief could be granted.

### A.  Standard of Review on Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate if, accepting as true all the facts alleged in the complaint, Plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face" (*Twombly*, 550 U.S. 554 (2007)), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claim.  *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  *See also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred).

### B.  Plaintiff's ADA Claim Should Be Dismissed Because It Is Time Barred

For the reasons discussed in Section I.C.1, *supra*, Plaintiff's ADA claim in the Second Amended Complaint is time barred and should be dismissed, with prejudice.

### C.  Plaintiff's Rehab Act Claim Should Be Dismissed For Failure to State a Claim Upon Which Relief Could Be Granted

For the reasons discussed in Section I.C.2, *supra*, Plaintiff's claim under Section 504 of the Rehab Act in the Second Amended Complaint should be dismissed, with prejudice, for failure to state a claim.

## CONCLUSION

For the foregoing reasons, WPAHS respectfully requests that the Court grant Defendant's Motion and strike Plaintiff's Second Amended Complaint or, in the alternative, dismiss Count IV of Plaintiff's Second Amended Complaint (ADA/Rehab Act), with prejudice.

Dated:  June 13, 2014                  Respectfully submitted:

                                       OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                                       By: /s/ April T. Dugan
                                       W. Scott Hardy, Esquire
                                       PA ID No. 79225
                                       scott.hardy@ogletreedeakins.com
                                       April T. Dugan, Esquire
                                       PA ID No. 206854
                                       april.dugan@ogletreedeakins.com
                                       One PPG Place, Suite 1900
                                       Pittsburgh, PA 15222
                                       Ph. (412) 394-3333
                                       Fax: (412) 232-1799

                                       Attorneys for Defendant
                                       West Penn Allegheny Health System

                                                                    18174335.1