IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIEDRA HAWKINS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 13-1334 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| WEST PENN ALLEGHENY HEALTH ) | |
| SYSTEM, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, Defendant's Motion to Strike or, in the Alternative, to Dismiss (Doc. 24) will be granted insofar as it seeks dismissal of Plaintiff's Rehabilitation Act claim in Count IV of the Second Amended Complaint. The motion will be denied in all other respects. Defendant's Motion to Dismiss Count IV of the First Amended Complaint (Doc. 21) will be denied as moot.

The parties are well-acquainted with the background facts underlying this employment discrimination litigation. Relevantly, Plaintiff filed her First Amended Complaint ("FAC," Doc. No. 20) on April 29, 2014, after the Court granted her unopposed motion for leave to file the pleading (Doc. No. 19). Count IV of the FAC asserted a claim under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12111-12117, based on the Defendant's alleged failure to provide a reasonable work accommodation for Plaintiff following her diagnosis of post-traumatic stress disorder ("PTSD"). Defendant moved to dismiss Count IV as time-barred, and Plaintiff responded by filing her Second Amended Complaint ("SAC") (Doc. No. 23) on May 30, 2014, without seeking leave of court to do so. Defendant then moved to strike the

SAC on the grounds that it was filed in violation of the deadlines established by this Court's Case Management Order (Docket No. 17). Alternatively, Defendant moved to dismiss Plaintiff's ADA claim, as well as her newly-added claim under §504 of the Rehabilitation Act, 29 U.S.C. § 794, both of which are set forth in Count IV of the SAC. Defendant contends the ADA and Rehabilitation Act claims are time-barred and/or otherwise fail to state a cause of action upon which relief can be granted.

As an initial matter, the parties dispute whether Plaintiff's claims in Count IV of the SAC should be analyzed under Rule 15(a) of the Federal Rules of Civil Procedure or under Rule 16(b)(4). In pertinent part, Rule 15(a)(1) permits a party to amend its pleading once "as a matter of course" within 21 days after service of a responsive pleading or after service of a motion asserted under Rule 12(b), (e), or (f), whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1)(B). "In all other cases," the Rule permits amendment of a pleading "only with the opposing party's written consent or the court's leave," which should be "freely give[n]… when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, leave to amend may be denied in the court's discretion on the basis of undue delay, bad faith, dilatory motive, prejudice, or futility. *Yoder v. Wells Fargo Bank, N.A.,* 566 F. App'x 138, 142 (3d Cir. 2014) (*citing In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997)).

Rule 16(b) is implicated when a motion to amend is filed after the deadline for amendment of pleadings has passed as specified in the court's pretrial scheduling order. *See Grill v. Aversa,* Civil No. 1:12-CV-120, 2014 WL 198805, at *3 (M.D. Pa. Jan. 15, 2014); *Componentone, L.L.C. v. Componentart, Inc.,* No. 2:05cv1122, 2007 WL 2580635, at *1 (W.D. Pa. Aug. 16, 2007). Subsection (b)(4) specifies that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In accordance with this

language, numerous federal courts of appeal have concluded that, "once the pretrial scheduling order's deadline for filing motions to amend the pleadings has passed, a party must, under Rule 16(b), demonstrate 'good cause' for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading." *Componentone, L.L.C.,* 2007 WL 2580635, at *2 (citing various appellate court rulings that have reached this conclusion and predicting that the Third Circuit Court of Appeals would likely come to the same conclusion). *See also Chancellor v. Pottsgrove Sch. Dist.,* 501 F. Supp. 2d 695, 701 (E.D. Pa 2007) (same). "Good cause" for purposes of Rule 16(b)(4) focuses on the diligence of the party seeking modification of the court's scheduling order; it exists when the terms of the case management schedule cannot reasonably be met despite the diligence of the party seeking the extension. *Componentone, L.L.C.,* 2007 WL 2580635, at *2. *See also Grill,* 2014 WL 198805, at *3(citing Fed. R. Civ. P. 16(b)(4) Advisory Committee Notes (1983 amendments)).

Given these differing standards of review, courts have recognized that "[t]he threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." *Karlo v. Pittsburgh Glass Works, LLC,* Civil Action No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011). *See also Cardone Indus., Inc. v. Honeywell Int'l, Inc.,* Civil Action No. 13-4484, 2014 WL 3389112, at *1 (E.D. Pa. July 11, 2014); *Metropolitan Life Ins. Co. v. Depalo,* Civil Action No. 13-3092 (KM), 2014 WL 4681094, at *2 (D.N.J. 2014) (citing *Karlo,* 2011 WL 5170445, at *2).

In this case, no motion to amend is technically pending because Plaintiff filed her SAC without first seeking leave of Court. Plaintiff contends that her SAC was validly filed "as a matter of course" pursuant to Rule 15(a)(1)(B) and that Rule 16(b)(4) is not implicated in this case because the Court's CMO deadline applied only to *motions to amend* the pleadings, not

3

amendments made as a matter of course. Defendant, on the other hand, contends that the CMO should be interpreted as establishing a May 15, 2014 deadline for *any amendment* to the pleadings. Defendant argues that the SAC should be stricken because Plaintiff has failed to make the requisite showing of "good cause" for altering this deadline.

Having considered these competing arguments, the Court finds that Rule 16(b)(4) applies to this situation and provides the relevant standard of review. Although the pertinent deadline in the Court's CMO speaks in terms of "motions to amend the pleadings,"[1] Defendant correctly points out that the wording of the CMO must be interpreted more broadly in light of Rule 16(b)(3)(A), which states (in part) that the district court's pretrial scheduling order "*must limit the time to join other parties [and] amend the pleadings.*" Fed. R. Civ. P. 16(b)(3)(A) (emphasis supplied). *See also* LCvR 16.1(B)(1)(a) (stating that "the Court shall enter an initial scheduling order that sets forth dates for … the topics identified in Fed. R. Civ. P. 16(b)(3)(A)). There is no distinction in Rule 16(b)(3)(A) between amendments that are made as a matter of course versus amendments that are made with leave of court; rather, the trial court is directed simply to set a deadline for amendment generally and for joinder of parties. This "assures that at some point both the parties and the pleadings will be fixed, by setting a time within which joinder of parties shall be completed and the pleadings amended." Fed. R. Civ. P. 16 Advisory Committee Notes, 1983 amendment (discussing subsection (b)). Defendant also argues, persuasively, that a broader interpretation of the CMO is consistent with the parties' Rule 26(f) report, wherein the parties suggested May 15, 2014 as the date "by which the pleadings shall be amended." (Rule 26(f) Report of the Parties ¶ 9(c), Doc. No. 14.) Here again, no distinction is made in the

---

[1] The Court's CMO states that "[t]he parties shall file any motion to amend the pleadings on or before May 15, 2014." (Case Management Order Feb. 11, 2014, ¶3, Doc. No. 17 (emphasis in the original).)

4

parties' Rule 26(f) report between amendments made as a matter of course and amendments made by motion, and this is in conformity with the language used in the sample report set forth in the Appendix to Local Rule 16.1A. *See* Appendix LCvR 16.1A, ¶9(c). Viewed in this context, the CMO's May 15, 2014 deadline is properly construed as establishing a general cut-off date for any type of amendment to the pleadings, whether the amendment is sought "as a matter of course" pursuant to Rule 15(a)(1) or by way of a motion under Rule 15(a)(2).

Accordingly, because Plaintiff's SAC was filed after the May 15, 2014 deadline, Plaintiff was required to establish "good cause" for the belated amendment regardless of whether she was ostensibly proceeding under Rule 15(a)(1). *See, e.g., Trim Fit, LLC v. Dickey,* 607 F.3d 528, 531 (8th Cir. 2010) (noting that "[t]here is no absolute right to amend [the pleadings] after the deadline for amendment in a scheduling order"); *Kassner v. 2nd Avenue Delicatessen Inc.,* 496 F.3d 229, 244 (2d Cir. 2007) (holding that amendment of a pleading "as a matter of course" pursuant to Rule 15(a)(1) is subject to the district court's discretion to limit the time for amendment of the pleadings in a Rule 16(b) scheduling order); Wright, Miller & Kane, 6A Fed. Prac. & Proc. Civ. §1522.2 (3d ed. 2010) ("[T]o the extent that other federal rules, such as Rule 15 governing pleading amendments, contain a more lenient standard than good cause, the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15.").[2]

---

[2] Plaintiff has cited various cases which, she claims, support her right to file one amended pleading (*i.e.,* the SAC) as a matter of right in response to a Rule 12(b) motion, irrespective of the fact that she previously filed the FAC with leave of court. *See, e.g., Reginella Const. Co., Ltd. v. Travelers Cas. & Sur. Co. of Am.*, 971 F. Supp. 2d 470, 478-79 (W.D. Pa. 2013), *aff'd,* 2014 WL 2598717 (3d Cir. June 11, 2014); *Metts v. FLM Dev. Co., Inc.*, CIV. A. 10-7233, 2012 WL 1071218 (E.D. Pa. Mar. 30, 2012); *Route 27, LLC v. Getty Petroleum Mktg., Inc.*, CIV 10-3080 FLW, 2011 WL 1256618 (D.N.J. Mar. 30, 2011); *Mallinckrodt Inc. v. E-Z-Em Inc.*,

Having concluded that Rule 16(b)(4)'s "good cause" standard applies in this case, the Court finds that Plaintiff has not shown "good cause" for failing to assert her Rehabilitation Act claim prior to the May 15, 2014 deadline. A review of the SAC reveals that Plaintiff's claim under the Rehabilitation Act is premised on the same facts that Plaintiff is alleging in support of her ADA claim. (*See generally* SAC ¶¶ 37-60, 83-92.) All of the key facts alleged in support of the Rehabilitation Act claim were known (or available) to Plaintiff as of September 11, 2013, when the case was first commenced, yet Plaintiff never sought to add the Rehabilitation Act claim until she filed her SAC on May 30, 2014. Courts have found that such circumstances give rise to a presumption that good cause is lacking. *See, e.g., Cardone Indus., Inc.,* 2014 WL 3389112, at *2 (stating that a party "is presumptively not diligent if, at the commencement of the lawsuit, the party knows or is in possession of the information that is the basis for that party's later motion to amend"; further stating that this presumption may be rebutted if the party offers "a clear and cognizable explanation why the proposed amendment was not included in the original pleading") (internal quotation marks and citation omitted).

Here, Plaintiff has not stated any reason why her Rehabilitation Act claim could not have been asserted in a timely manner prior to the expiration of this Court's May 15, 2014 deadline for amendment of the pleadings. The elements of a claim under § 504(a) of the Rehabilitation Act are "very similar" to the elements of a Title I ADA claim. *See Donahue v. Consolidated Rail Corp.,* 224 F.3d 226, 229 (3d Cir. 2000). As noted, Plaintiff has essentially offered the same factual allegations in support of both claims. Although a plaintiff asserting a claim under

---

671 F. Supp.2d 563, 567 (D. Del. 2009). None of these cases addresses the applicability of Rule 15(a)(1) in the context of Rule 16(b)(4). Consequently, these decisions cannot be read to support the conclusion that a plaintiff has an unfettered right to amend a pleading once "as a matter of course" under Rule 15(a)(1) after the court's deadline for amendment of the pleadings has passed.

§ 504(a) of the Rehabilitation Act also must show that the defendant receives federal funding, *see CG v. Pennsylvania Dep't of Educ.,* 734 F.3d 229, 235 n.10 (3d Cir. 2013), this requirement does not establish grounds for good cause in the instant case. Here, Plaintiff has attempted to satisfy the "public funding" requirement by producing information that she obtained from a government website. Plaintiff did not require any formal discovery to obtain this information, as it was apparently available at all times to any member of the public with internet access. (*See* Mersich Decl. ¶¶ 19-20, Docket No. 26-2; *id*, Ex. D, Docket No. 26-4.) Accordingly, there is no apparent reason why Plaintiff could not have availed herself of this information prior to the Court's May 15, 2014 deadline. Finally, the Court notes that the delay in this case was brought on largely by Plaintiff's efforts at administrative exhaustion; however, those efforts were not a necessary prerequisite to Plaintiff's prosecution of her Rehabilitation Act claim. *See Freed v. Consolidated Rail Corp.,* 201 F.3d 188, 191-94 (3d Cir. 2000) (employee of private recipient of federal funds was not required to exhaust administrative remedies before bringing suit for alleged disability discrimination under § 504(a) of the Rehabilitation Act against a non-federal employer); *Burkhart v. Widener Univ., Inc.,* 70 F. App'x 52, 53-54 (3d Cir. 2003) (affirming this rule); *Kortyna v. Lafayete College,* --- F. Supp. 3d ---, 2014 WL 4682084, at *7 (E.D. Pa. Sept. 19, 2014) (noting that "there appears to be some question" as to whether this rule "applies to a section 504 claim brought along with an ADA claim," but nevertheless following *Freed* as precedential). Because Plaintiff has failed to demonstrate good cause for the belated assertion of her Rehabilitation Act claim, no extension of the Court's deadline was warranted, and the claim under the Rehabilitation Act will be dismissed.

On the other hand, the Court finds that Plaintiff has shown sufficient diligence to establish "good cause" for failing to assert the most recent iteration of her ADA claim prior to

7

the May 15, 2014 deadline. Plaintiff originally asserted her ADA claim in her initial complaint (Docket No. 1), which was filed on September 11, 2013. After Defendant challenged the claim for Plaintiff's failure to exhaust her administrative remedies, Plaintiff stipulated to a dismissal of the ADA count without prejudice (Docket No. 9) in order to pursue her remedies before the EEOC. After those remedies were exhausted, Plaintiff sought leave to reassert her ADA claim in Count IV of the FAC (Docket No. 19).[3] Plaintiff states that, before doing so, she supplied defense counsel a copy of the proposed FAC and inquired whether there would be any challenge to her motion for leave to amend her complaint. Counsel indicated that Defendant would not object to the motion for leave to file the FAC, and the Court permitted the filing by Text Order dated April 29, 2014. Two weeks after the FAC was filed, and only two days before the expiration of the time for amending pleadings, Defendant filed its motion to dismiss the FAC on grounds that could have served as a basis for opposing the amendment in the first place. In response to Defendant's motion to dismiss, Plaintiff filed her SAC on May 30, 2014, just fifteen days past the deadline for amending pleadings. The Court finds that, under these circumstances, Plaintiff has demonstrated sufficient diligence in prosecuting her ADA claim such that good cause exists to extend the time for amending that claim.

Even where good cause is shown to exist, however, a district court has discretion to deny a request for leave to amend under Rule 15(a) "if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment

---

[3] Plaintiff notes that she sought leave of court to file the FAC because Defendant's responsive pleading (*i.e.*, its answer to the initial complaint) had been filed more than 21 days prior, and Plaintiff was therefore outside of the 21-day window that would have permitted her to file the FAC "as a matter of course" under Rule 15(a)(1)(B).

would be futile,[4] or (3) the amendment would prejudice the other party." *Perlman v. Universal Restoration Systems, Inc.*, Civil Action No. 09–4215, 2013 WL 5278211, at *4 (E.D. Pa. Sept. 19, 2013) (*quoting Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003)). Defendant contends that the ADA claim in Count IV of the SAC should be either stricken or dismissed because the amendment fails to state a timely and actionable claim and/or because allowing the amendment to stand would be unfairly prejudicial. The Court is not persuaded that either argument provides valid grounds for dismissal of the ADA claim at this juncture.

### A. *Defendant's Rule 12(b)(6) challenge to the ADA Claim*

Title I of the ADA, 42 U.S.C. §§ 12111-12117, prohibits employment related discrimination against qualified individuals on the basis of a disability. *Id.* §12112(a). Unlawful acts of discrimination can include the employer's failure to make reasonable

---

[4] "In determining whether a claim would be futile, the district court applies the same standard of legal sufficiency as [it] applies under Federal Rule of Civil Procedure 12(b)(6)." *Perlman v. Universal Restoration Sys., Inc.,* 2013 WL 5278211, at *4 (*quoting Travelers Indem. Co. v. Dammann & Co*., 594 F.3d 238, 243 (3d Cir.2010)) (internal quotations omitted) (alteration in the original). Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). A court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint, *see California Pub. Emp.s' Ret. Sys. v. Chubb Corp*., 394 F.3d 126, 143 (3d Cir.2004), nor must a court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 555.
  As previously noted, Plaintiff contends that she did not need leave to file the SAC because she was entitled to make the amendments "as a matter of course" under Rule 15(a)(1)(B). Ultimately, it makes no practical difference whether the Court interprets Plaintiff's ADA claim in Count IV of the SAC as a proposed amendment under Rule 15(a)(2) or as the operative pleading which was filed "as a matter of course" under Rule 15(a)(1) because, in any event, the Court must assess whether the claim is sufficient to withstand Defendant's Rule 12(b)(6) challenges.

accommodations for an otherwise qualified employee's known physical or mental limitations. *Id.* §12112(b)(5)(A). *See also Williams v. Phila. Housing Auth. Police Dep't,* 380 F.3d 751, 761 (3d Cir. 2004).

Title I of the ADA affords complainants the same powers, remedies and procedures that are used to enforce claims under Title VII of the Civil Rights Act of 1964. 42 U.S.C. §12117(a). There is no dispute that, under the circumstances of this case, Plaintiff had 300 days from the date of the alleged unlawful employment practice in which to file her charge of disability-related employment discrimination with the EEOC. *See id.* §2000e-5(e)(1). There is also no dispute that Plaintiff filed her administrative charge relative to the ADA claim (*i.e.,* the "ADA Charge") at some point in December of 2013, but prior to December 20 when a notice of the ADA Charge was sent to Defendant. (*See* Ex. D to Def.'s Mot. to Strike or, in the Alternative, to Dismiss, ECF No. 24-4; *see* SAC ¶ 56, ECF No. 23.) Accordingly, any acts of disability-related employment discrimination that accrued prior to the 300-day filing period – or approximately February 2013 – are untimely.

Here, the SAC alleges, in part, that Defendant's representative spoke with Plaintiff's therapist in June 2012, and it was agreed that Plaintiff's PTSD prevented her from returning to work in the Transportation Department. (SAC ¶ 44.) Plaintiff further avers that her therapist wrote to Defendant in July of 2012 "to recommend that [Defendant] accommodate [Plaintiff's] disability by offering her a position at another hospital" (SAC ¶45), but Defendant did not respond to the therapist's letter. (SAC ¶ 46.) Plaintiff claims that, "[d]espite [her] continuing attempts at returning to work, [Defendant] has refused to accommodate [her] by offering her a position at another hospital or outside of the Transportation Division." (SAC ¶ 47.)

Based on these averments, Defendant argues that Plaintiff's failure-to-accommodate claim accrued in July of 2012 and is therefore well outside the 300-day time period.[5] Defendant further argues that Plaintiff cannot avail herself of the "continuing violation" doctrine, notwithstanding her allegation that she made "continuing attempts" to return to work, because "repeated requests for the same accommodation do not establish a 'continuing violation' so as to extend an otherwise expired limitations period." (Def.'s Br. Supp. Mot. Strike or, in the Alternative, Dismiss 10, Docket No. 25.) Finally, Defendant insists that Plaintiff has not stated a viable claim based on an alleged failure to honor her request for a transfer because Plaintiff has not identified a vacant, funded position to which she could have been transferred.

Under the "Third Circuit Rule," a defendant may assert a statute-of-limitations defense[6] by way of a motion to dismiss "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson,* 313 F.3d 128, 135 (3d Cir. 2002) (internal quotation marks and citation omitted). The untimeliness of the plaintiff's claim must appear from the face of the pleading. *Cannella v. Brennan,* Civil Action No. 2:12–CV–1247, 2014 WL 3855331, at *10 (E.D. Pa. Aug. 6, 2014).

The Court is not persuaded that this standard is satisfied here because it is not clear from the pleadings[7] that Plaintiff's failure-to-accommodate claim actually accrued in July 2012,

---

[5] Defendant's challenge to the ADA claim as time-barred is essentially the same as it pertains both to Count IV of the FAC and Count IV of the SAC. Accordingly, the Court will consider all of Defendants' arguments on this point collectively.

[6] The issue of timeliness is treated as a statute-of-limitations question. *See Burgh v. Borough Council,* 251 F.3d 465, 470 (3d Cir.2001).

[7] Generally, a district court may not consider matters outside of the complaint when ruling on a Rule 12(b)(6) motion to dismiss. "If, on a motion under Rule 12(b)(6)…, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). When a motion to dismiss is treated as a motion for summary judgment, the "parties must be given a reasonable opportunity to

11

as Defendant insists. Although the SAC alleges that Plaintiff's therapist *made a request* in July 2012 that Defendant transfer Plaintiff to another hospital, the SAC does not allege that Defendant issued an explicit refusal of that request, much less does it allege that an explicit refusal was made in July 2012. If an explicit refusal were alleged, then the 300-day period for filing an administrative charge with the EEOC clearly would begin to run from the date that the refusal was made known to Plaintiff. *See, e.g., Aubrey v. City of Bethlehem, Fire Dep't,* 466 F. App'x 88, 92 (3d Cir. 2012) ("In order for Aubrey's claims to be timely, the alleged unlawful employment practice would have needed to occur and to have been communicated to him … within 300 days prior to filing his May 8, 2009 Charge of Discrimination with the EEOC."); *Muhammad v. Court of Common Pleas,* 483 F. App'x 759, 762 (3d Cir. 2012) (affirming the district court's reasoning that each refusal by the defendant to provide the plaintiff with the requested accommodation was "a complete and independent act" and the plaintiff should have been aware of the negative impact of each refusal at the time it occurred) (internal quotation marks and citation omitted); *McDonald v. Pennsylvania Office of Attorney General,* Civil Action No. 08-0658, 2010 WL 1856030, at *9 (W.D. Pa. May 10, 2010) (noting that "[o]ther courts have specifically held that an employer's rejection of an employee's proposed accommodation is the type of discrete act that must be the subject of a complaint to the EEOC within the statutory period")(citing cases). Here, however, the SAC alleges that Defendant simply refused to respond

---

present all the material that is pertinent to the motion." *Id*. This includes an adequate opportunity to obtain discovery. *See Brown v. U.S. Steel Corp.*, 462 F. App'x 152, 155 (3d Cir. 2011) (*citing Dowling v. City of Phila.*, 855 F.2d 136, 139 (3d Cir.1988)). In filing her brief in opposition to the pending motions, Plaintiff appended various materials outside of the pleadings, ostensibly to "clarify" the averments in the SAC. The Court will not consider these materials at the present time and will instead address the Defendant's motion as a motion to dismiss in accordance with Rule 12(b)(6).

to the therapist's letter (SAC ¶46, Docket No. 23), so it is unclear from the pleading how and when the employer's refusal to accommodate was manifested.

The timeframe of the alleged discriminatory act is all the more ambiguous -- and dismissal at the Rule 12(b)(6) stage is, therefore, all the more inappropriate -- in light of Plaintiff's averment that Defendant failed to engage in an interactive process with her regarding her request for an accommodation. Federal courts in this circuit have recognized that an employer's duty under the ADA to provide a reasonable accommodation includes, in some situations, an obligation to make "'reasonable efforts to assist the employee and to communicate with the employee in good faith.'" *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 504 (3d Cir.2010) (*quoting Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir.2004)). *See also* 29 C.F.R. § 1630.2(o)(3) ("To determine the appropriate reasonable accommodation it may be necessary for the [employer] to initiate an informal, interactive process with the [employee] in need of accommodation. This process should identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome those limitations."). The Third Circuit Court of Appeals has explained that:

> the process must be interactive because each party holds information the other does not have or cannot easily obtain. We noted [in *Mengine v. Runyon,* 114 F.3d 415 (3d Cir. 1997)] that "employers will not always know what kind of work the worker with the disability can do, and conversely, the worker may not be aware of the range of available employment opportunities, especially in a large company. Thus, the interactive process may often lead to the identification of a suitable position." *Mengine*, 114 F.3d at 420. More specifically, we explained that while an employee who wants a transfer to another position ultimately has the burden of showing that he or she can perform the essential functions of an open position, the employee does not have the burden of identifying open positions without the employer's assistance. "In many cases, an employee will not have the ability or resources to identify a vacant position absent participation by the employer." *Mengine*, 114 F.3d at 420.

*Taylor v. Phoenixville Sch. Dist.,* 184 F.3d 296, 316 (3d Cir. 1999) (footnote omitted).

"An employee can demonstrate that an employer breached its duty to provide reasonable accommodations because it failed to engage in good faith in the interactive process by showing that: '1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith.'" *Williams*, 380 F.3d at 772 (*quoting Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 317 (3d Cir.1999)). Here, Plaintiff has sufficiently pleaded a failure-to-accommodate claim in her SAC by alleging that: (i) Defendant was aware of her PTSD diagnosis and the fact that she could not return to her prior job under the supervision of Patrick Cassese; (ii) she made attempts on her own, through her treating therapist, and through her legal counsel to discuss possible accommodations with the Defendant, including a request for a transfer to a different job; (iii) Defendant failed to respond to these requests in any meaningful fashion; and (iv) Plaintiff is qualified and capable of performing numerous positions outside of the Defendant's Transportation Division. (SAC ¶¶ 44-58; *id.* ¶¶ 84-91.)

Defendant contends that Plaintiff's ADA claim should nevertheless be dismissed because she has failed to identify a specific vacant, funded position to which she could have been transferred. This argument places the proverbial "cart before the horse," given Plaintiff's averment that Defendant failed to meaningfully communicate with her concerning her various requests for accommodation. *See Taylor,* 184 F.3d at 316 (denying employer's motion for summary judgment on an ADA failure-to-accommodate claim and noting that "[the plaintiff's] concession that she knew of no other open positions … should not necessarily be the end of the matter if the school district made no effort to help investigate."). While it is true that, ultimately, "the burden of proving discrimination, and thus the burden of proving that there was an

14

appropriate vacant position, falls on the plaintiff," *Donahue v. Consolidated Rail Corp.,* 224 F.3d 226, 234 (3d Cir. 2000) (Rehabilitation Act case)[8](citations omitted), the Court finds that resolution of this issue in the instant case is best reserved for the summary judgment stage following a full opportunity for discovery. *See Donahue,* 224 F.3d at 234 (noting that, if a defendant in a failure-to-transfer case moves for summary judgment on the ground that the plaintiff has not identified any appropriate vacant position to which the plaintiff could have been transferred, "the plaintiff may move for a continuance to permit discovery regarding such positions"; but "if, after a full opportunity for discovery, the summary judgment record is insufficient to establish the existence of an appropriate position into which the plaintiff could have been transferred, summary judgment must be granted in favor of the defendant – even if it also appears that the defendant failed to engage in good faith in the interactive process."); *Shapiro v. Twp. of Lakewood,* 292 F.3d 346, 360 (3d Cir. 2002) (affirming the rule of *Donahue* but reversing the district court's entry of summary judgment based on the court's misapplication of that rule); *Cobb v. Phila. Gas Works,* 118 F. App'x. 584, 586-87 (3d Cir. 2004) (affirming grant of summary judgment on grounds that plaintiff failed to meet her burden of showing that she was qualified for other positions that she claimed were available to accommodate her medical restrictions).[9]

---

[8] The administrative regulation and EEOC interpretive guidelines that govern the interactive process under the ADA also apply to interactive process claims under the Rehabilitation Act. *See Muhammad v. Court of Common Pleas,* 483 F. App'x 759, 762-63 (3d Cir. 2012).

[9] In support of its motion to dismiss, Defendant cites *Akin v. York Cty. Prison,* No. 1:09-cv-02484, 2010 WL 2342502 (M.D. Pa. June 8, 2010). In that case, the court dismissed the plaintiff's failure-to-transfer claim at the Rule 12(b)(6) stage based partly on its finding that the plaintiff had not averred facts suggesting that a suitable position existed that he could have filled. *Id.,* at *5. In observing that the plaintiff had the burden of demonstrating a vacant, funded position, the court relied on *Shapiro* and *Donahue* which, as noted above, were decided at the summary judgment stage. In addition, however, there is no indication in the *Akin* decision that

In sum, the Court finds that the factual averments in the SAC are sufficient to state a plausible claim premised on the theory that Defendant failed to provide a reasonable accommodation for Plaintiff's PTSD by failing to honor her request for a job transfer and/or by failing to engage in an interactive process to determine an appropriate accommodation. The Court further finds that it cannot conclude from the face of the SAC that Plaintiff's ADA claim is untimely. Accordingly, it would be inappropriate for the Court to dismiss Plaintiff's ADA claim at this juncture. *See Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir.1997) ("if a statute of limitations 'bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of a complaint under Rule 12(b)(6)'") (*quoting Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir.1978)).

### B. *Defendant's Assertion of Prejudice*

Defendant also argues that Count IV of the SAC should be dismissed because Defendant will be unfairly prejudiced if the amendment is permitted to stand. Specifically, Defendant objects to the fact that it has been put to the effort and expense of challenging the alleged defects in Plaintiff's ADA claim three times. However, in order to establish the type of prejudice that would preclude an amendment under Rule 15(a), Defendant "'must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the …amendments been timely.'" *See Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir.1989) (quoting *Heyl & Patterson Intern., Inc. v. F.D. Rich Housing of Virgin Islands, Inc.,* 663 F.2d 419, 426 (3d Cir.19810)). Here, the parties have been granted multiple extensions of the discovery period, discovery is still ongoing and the parties have been well-aware of

---

the plaintiff alleged the defendant's failure to engage in the interactive process. Accordingly, the Court finds *Akin* to be materially distinguishable from the case at bar and will not apply its ruling here.

Plaintiff's putative ADA claim. *Cf.* text Order dated Aug. 21, 2014 (granting parties' request for two-month extension of discovery period, but clarifying that extension was not afforded based on pendency of Motions resolved herein). No undue prejudice has attached.

Consistent with the foregoing, the Court hereby enters the following:

## II. ORDER

Defendant's Motion to Strike or, in the Alternative, to Dismiss (**Doc. 24**) is **GRANTED** insofar as it seeks to dismiss the Plaintiff's Claim under § 504 of the Rehabilitation Act in Count IV of the Second Amended Complaint; said motion is **DENIED** in all other respects. Defendant's Motion to Dismiss the First Amended Complaint (**Doc. 21**) is **DENIED AS MOOT.**

IT IS SO ORDERED.


November 7, 2014                                s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge


cc (via ECF email notification):

All Counsel of Record